Benjamin E. Lowenthal (Haw. Bar No. 8645)
Law Office of Benjamin E. Lowenthal
1001 Bishop Street, Suite 2210
Honolulu, Hawaiʻi 96813
Telephone: (808) 766-8247
Email: benjamin@bellawyer.com

Counsel for Amicus Curiae
The Center for American Progress

In the United States District Court

for the District of Hawaiʻi

| | |
|---|---|
| Grassroot Institute of Hawaii, a Hawaiʻi nonprofit corporation,<br><br>Plaintiff,<br><br>v.<br><br>Anne E. Lopez, in her official capacity as Hawaiʻi Attorney General, and Nadine Ando, in her official capacity as Director of the Hawaiʻi Department of Commerce and Consumer Affairs,<br><br>Defendants. | 1:26-cv-00279-LEK-RT<br><br>Memorandum in Support of Motion for Leave to File Brief as Amicus Curiae in Support of Defendants.<br><br>Hon. Leslie E. Kobayashi |

**Memorandum in Support of Motion for Leave to File Brief as Amicus Curiae in Support of Defendants**

The Center for American Progress offers a legal framework and perspective that may assist the Court in determining the issues presented in this case.

**1. The Court should allow CAP to offer its perspective in determining the constitutionality of Act 11.**

District courts have broad discretion in allowing *amicus curiae* to file briefs. *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982). CAP offers a perspective and legal framework the parties' briefing does not, and it may assist the Court. *See Miller-Wohl Co., Inc. v. Commissioner of Labor and Industry, State of Mont.*, 694 F.2d 203, 204 (9th Cir. 1982) (describing the classic role of *amicus curiae* in assisting a case of general public interest, supplementing the efforts of counsel, and drawing the court's attention to law that escaped consideration).

Act 11 is a statute defining the powers of the artificial entities Hawaiʻi creates and empowers. But the complaint litigates it as though it were a statute regulating the conduct of speakers. Which characterization is correct determines the body of law that governs this case — and the two bodies of law come with different questions, different standards, and different remedies.

The proposed brief maps that terrain. It walks the enacted text from definitions to effective date; identifies the antecedent questions of Hawaiʻi law on which every count depends and explains why those questions belong to the Hawaiʻi Supreme Court in the first instance; and supplies the analytical framework — grounded in the reserved-powers doctrine and two centuries of corporation law — for a category of statute that no modern court has confronted.

**2. CAP's disclosure.**

CAP appears as a single institutional amicus. No counsel for a party authored the proposed brief in whole or in part; no party or counsel for a party contributed money intended to fund its preparation or submission; and no person other than amicus or its counsel contributed money intended to fund its preparation or submission.

**3. The motion is timely.**

This motion and the proposed brief are submitted while Defendants' motion to dismiss and Plaintiff's motion for a preliminary injunction are pending. The Court's consideration of the brief will not delay the resolution of any pending matter or prejudice any party.

**Conclusion**

CAP requests that the Court grant leave to file the accompanying brief.

Dated: September 11, 2026.

s/ Benjamin Lowenthal
Benjamin E. Lowenthal
Counsel for Amicus Curiae
The Center for American Progress